CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FREDRICK and BRIDGET WITCHER, Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 7:10CV00222 ) ) **ORDER** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, and SAFEGUARD REAL ESTATE PROPERTIES, LLC, Defendants. | ) ) By: Hon. James C. Turk ) ) Senior United States District Judge ) ) ) ) ) |

This case is presently before the Court on the Defendant Bank of America's Motion to Dismiss Counts IV, V, and VII of the Complaint (Dkt. No. 10) and Defendant Safeguard Real Estate Properties, LLC's ("Safeguard") Motion to Dismiss Counts IV and V of the Complaint (Dkt. No. 5). Plaintiffs have responded to these motions (Dkt. No. 16) and have also moved to voluntarily dismiss Counts IV and V of the Complaint. (Dkt. No. 20).

Count IV of the Complaint alleges that Bank of America and Safeguard have both violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Neither the Bank nor Safeguard are "debt collectors" as the term is defined in 15 U.S.C. § 1692(a)(6). Thus, Count IV does not state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). It is hereby,

**ADJUDGED AND ORDERED**

that Count IV be **DISMISSED** with prejudice.

Count V of the Complaint alleges that Bank of American and Safeguard committed an Intentional Infliction of Emotional Distress ("IIED"). Plaintiffs have moved to voluntarily dismiss this count of the complaint. Although it appears to the Court that Rule 41(a) does not permit the voluntary dismissal of only some claims, the Court recognizes that the Plaintiffs could alternatively move to amend their complaint to remove this claim. Nevertheless, because all parties agree Count V should be dismissed at present, and to foreclose additional pleadings or amendments, it is hereby,

**ADJUDGED AND ORDERED**

that Count V be **DISMISSED** without prejudice.

Finally, Bank of America has moved to dismiss Count VII of the complaint. Count VII is a claim for punitive damages. Punitive damages are available only in cases of the most egregious conduct, and, therefore, require proof of actual malice, wantonness or oppression. See Bowers v. Westvaco Corp., 244 Va. 139 (1992). Plaintiffs have alleged only that Safeguard engaged in "conscious disregard of the rights of the Witchers such as to constitute malice." Complaint ¶ 76. In fact, Plaintiffs admit that upon contacting counsel for Bank of America, the offending conduct ceased. Complaint ¶¶ 30-37. Thus, the facts alleged by Plaintiffs cannot support a claim for punitive damages against Bank of America.[1] Accordingly, it is hereby,

**ADJUDGED AND ORDERED**

that Count VII of the Complaint should be **DISMISSED** with prejudice with respect to Bank of America only.

---

[1] The Court notes that counsel for Safeguard did not seek to dismiss the claim for punitive damages against Safeguard, a decision consistent with the distinction drawn by the Court between the Defendants here.

2

Accordingly, Plaintiff's Motion to Voluntarily Dismiss Counts IV and V (Dkt. No. 20) is **GRANTED** in part and **DENIED** in part. Defendant Bank of America's Motion to Dismiss (Dkt. No. 10) is **GRANTED** in part and **DENIED** in part. Defendant Safeguard's Motion to Dismiss (Dkt. No. 5) is **GRANTED** in part and **DENIED** in part.

The Clerk of Court is directed to send a copy of this Order to all counsel of record in this matter.

ENTER: This 27th day of August, 2010.

Hon. James C. Turk
Senior United States District Judge